FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

FILED
08 MAY -8 PM 4:28
DEPUTY

Plaintiff's Liaison Counsel

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIA SINTSIRMAS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>vs.<br><br>BIOMETICS INTERNATIONAL, INC.<br><br>Defendant. | '08 CV 841 JLS RBB<br>Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, EUGENIA SINTSIRMAS ("Sintsirmas" or "Plaintiff"), by her undersigned counsel, brings this action as a class action, on her own behalf and on behalf of the other members of the below-defined class ("Class"), and for her Complaint against Defendant, Biometics International, Inc. ("Biometics" or "Defendant"), states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this suit on behalf of all of Biometics' customers, purchasers, or distributors who, from February 9, 1992 to the present, were charged excessive sales tax by Defendant Biometics.

2. Biometics is in the health and beauty supply business. At all times relevant to this action, Biometics has allegedly been systematically charging sales tax on all purchase orders and invoices prior to applying discounts. In other words, Biometics computes the sales taxes it collects based upon the original invoice price, rather than on the ultimate price at which the item is sold to Plaintiff and the other members of the Class. Because of the discount, Biometics is then required to remit sales tax to the taxing authority that is less than that which has been collected from the class members. As a result of this practice, Biometics has over-charged their customers, purchasers and distributors sales tax in violation of applicable state laws.

**PARTIES**

3. Plaintiff is a citizen of the State of Ohio and a resident of Cuyahoga County. Plaintiff purchased various Biometics products on April 10, 2001 and January 26, 2005. Copies of the pertinent invoices are attached hereto and marked as *Exhibits A and B*. Each of the class members received similar invoices from Biometics in conjunction with their purchases from that company.

4. Biometics is a company based in the State of California. Biometics manufactures and distributes vitamin and nutritional supplement products. Biometics routinely conducts business in all fifty states. In the manner described herein, Biometics has committed wrongful acts and caused tortious injury in this jurisdiction.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this class action pursuant to 28 U.S.C. §1332. In

the aggregate, Plaintiffs' claims and the claims of the other members of the Classes exceed the jurisdictional minimum amount in controversy of $5,000,000, exclusive of costs and interest and/or at least one member of the Class is a citizen of a state different from any defendant, 28 U.S.C. §1332(6) and §1332(d)(2)(A).

6. Venue is proper in this District pursuant to 28 U.S.C. §1391 because some or all of the Defendants are headquartered in this District, provide services to Class members located in this District, conduct substantial business in this District, or otherwise have sufficient contacts with this District to justify their being fairly brought into court in this District.

## CLASS ACTION ALLEGATIONS

7. Plaintiff brings this action as a class action pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), individually and on behalf of a Class consisting of all customers, distributors, or purchasers of Biometics products in the United States who were charged sales tax on any sale in an amount exceeding the actual, taxable purchase price paid by the purchaser. Excluded from the Class are the Court and its employees and Defendant, its subsidiaries, parent, divisions, or affiliates, officers, and directors.

8. The numerosity requirement of Fed. R. Civ. P. 23(a)(1) is satisfied here because the members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. Plaintiff believes that there are at least thousands of Class members located throughout the United States. The identity of those Class members is presently unknown to Plaintiff, but can be ascertained through Defendant's books and records.

9. Common questions of fact and law exist here, satisfying the requirement of Rule 23(a)(2), including but not limited to:

a. whether Defendant participated in, or committed the wrongful conduct alleged herein;

b. whether Defendant's acts, transactions, or course of conduct constitute the violations of law alleged herein;

c. whether Class members have sustained or continue to sustain damages by reason of Defendant's conduct, and, if so, the proper measure and appropriate formula to

be applied in determining such damages;

d. whether Class members are entitled to compensatory, treble, and/or punitive damages; and

e. whether Class members are entitled to declaratory, injunctive, or other equitable relief.

10. Plaintiff's claims are typical of the claims of all other Class members. Plaintiff, like each of the other Class members, was assessed and paid excessive sales taxes to Biometrics, which, on information and belief, Biometrics then retained, rather than remit the entire amount to the relevant state taxation authorities. Plaintiff asserts claims that are typical of the claims of each other Class member, all Class members have been subjected to Defendant's same wrongful conduct, and the relief Plaintiff seeks is common to the Class. Moreover, the defenses, if any, that Defendant will assert in opposition to Plaintiff's claims are typical of the defenses, if any, Defendant will assert to all Class members' claims. The requirements of Fed. R. Civ. P. 23(a)(3) are therefore satisfied.

11. Plaintiff will fairly and adequately protect the other Class members' interests and have no interests that are antagonistic to or which conflict with those of the other Class members. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in litigation of this nature to represent her and the other Class members. Rule 23(a)(4) is thus satisfied.

12. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby rendering class certification and injunctive or declaratory relief appropriate and thus militates in favor of class certification pursuant to Fed. R. Civ. P. 23(b)(2).

13. As discussed above, numerous common questions of fact and law exist. These questions predominate over any individual questions that may arise in this action. The predominance requirement of Rule 23(b)(3) is thus satisfied.

14. A class action is the superior method for the fair and efficient adjudication of this controversy, because joinder of all Class members is impracticable. Because the damages suffered

by individual Class members may be relatively small, the expense and burden of litigation would prevent Class members from individually redressing the wrongs done to them. Where, as here, the size and nature of individual Class members' claims would allow few, if any, Class members to seek legal redress against Defendant for the wrongs complained of herein, a representative class action is both the appropriate vehicle by which to adjudicate these claims and is essential to the interests of justice. Furthermore, a class action regarding the issues in this count creates no significant problems of manageability. The superiority and manageability requirements of Rule 23(b)(3) are thus satisfied.

**SUBSTANTIVE ALLEGATIONS**

15. Pursuant to its standardized polices and procedures, Biometics charges sales tax on all original invoices in excess of the actual taxable amounts.

16. Plaintiff and the other members of the Class are all persons who paid sales tax to Biometics upon amounts in excess of the actual taxable amounts.

17. Plaintiff reasonably believes, and therefore alleges, that Biometics retained the overcharged portion of the sales tax and did not forward the entire amounts collected to the individual taxing agencies. Biometics has continuously misrepresented the proper amount of sales tax to be charged to the Class members and has failed to refund the excessive amounts collected from them.

18. On April 10, 2001 and January 26, 2005 Plaintiff purchased various products from Biometics originally priced at Two Hundred Thirty Dollars ($230.00) and Two Hundred Fifty Three Dollars ($253.00), respectively. As a distributor, Plaintiff was entitled to an agreed upon discount of Fifty-Seven Dollars and Fifty Centers ($57.50) for the April 10, 2001 order and Fifty-Eight Dollars Twenty-Five Cents ($58.25) on the January 26, 2005 order. *See* Exhibits A and B appended hereto. Biometics was required under law to assess the sales tax on the taxable amounts actually paid by Plaintiff. Instead, Biometics computed and collected sales taxes on those purchases on the original, pre-discounted, prices.

19. As a result of Biometics' practices, Plaintiff was charged $16.90 on the order of April 10, 2001, instead of $12.88, which resulted in an overcharge of approximately $4.02. See

Exhibit A. Biometics' invoice falsely represents the taxable amount at $241.50 instead of $184.00. *Id.*

20. With regard to Plaintiff's purchase of May 9, 2005, Biometics charged sales tax of $19.57, instead of $15.27, for an overcharge of approximately $4.30. *See* Exhibit B.

21. By charging excessive sales tax to Plaintiff and the Class, Biometics acted unlawfully, unreasonably, and in bad faith.

22. Biometics' conduct has been uniformly and systematically carried out on a company-wide basis and has detrimentally affected Plaintiff and each of the other members of the Class.

**COUNT 1**
**Violation of California's Unfair Competition Law,**
**CALIFORNIA BUSINESS & PROFESSIONS CODE §§17200, *et seq.***

23. Plaintiff repeats and realleges each of the above paragraphs, as though fully set forth herein.

24. California's Unfair Competition Law, California Business and Professions Code §§17200, *et seq.* (the "UCL"), prohibits unfair competition, which it defines as any unlawful, unfair, or fraudulent business act or practice; unfair, deceptive, untrue or misleading advertising; and any act prohibited by the FAL, California Business and Professions Code §§17500, *et seq.*

25. The UCL provides for injunctive relief, restitution, and disgorgement of appropriate monies for any violations thereof.

26. Defendant's conduct, as alleged above, has resulted in the unlawful, unfair, and unjust collection and retention by Defendant of substantial sums of money from its customers, including Plaintiff and the other members of the Class.

27. Defendant's actions, as set forth in this Complaint, are unlawful in that they violate California Civil Code §§1750, *et seq.* (the "CLRA") and the California Business and Professions Code §§17500, *et seq.* (the "FAL").

28. The acts described above and in this complaint constitute unlawful, unfair or fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising as set forth in California Business and Professions Code §§17200, *et seq.*

29. Defendant used or employed the unlawful practices described above with the intent that Plaintiff and other Class members would rely thereupon.

30. As a result of Defendant's unfair, deceptive, untrue, or misleading conduct as alleged above, Plaintiff and the other members of the Class have suffered injury in fact and have lost money or property.

31. Defendant's conduct, as alleged above, has resulted in Defendant's unlawful, unfair, and unjust collection and retention of substantial sums of money from its customers, including Plaintiff and the other members of the Class.

32. Defendant's ongoing engagement in this conduct constitutes ongoing unlawful activity and continuing violations of the UCL. As such, the Court is justified to issue an injunction pursuant to California Business & Professions Code §17203 in order to prevent Defendant from continuing to accumulate unjust profits and to prevent Defendant from competing unfairly with other law-abiding businesses. Absent injunctive relief, Plaintiff and the other members of the Class and the General Public may be irreparably harmed and/or denied an effective and complete remedy. The court is further justified to order Defendant to restore to Plaintiff and the other members of the Class all amounts owing to them.

33. On behalf of herself and all persons similarly situated, Plaintiff requests restitution, rescission, and injunctive relief.

**COUNT 2**

**Violation Of The Consumers Legal Remedies Act, Cal. Civil Code §§1750, et seq.**

34. Plaintiff repeats and realleges each of the above paragraphs, as though fully set forth herein.

35. This cause of action is brought pursuant to the California Consumers Legal Remedies Act (the "Act") (California Civil Code §§1750, et seq.).

36. The policies, acts, and practices heretofore described violated and continue to violate the Act in at least the following respects:

a. In violation of §1770(5) of the Act, "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which

they do not have...";

b. In violation of §1770(9) of the Act, "Advertising goods or services with intent not to sell them as advertised"; and

c. In violation of §1770(14) of the Act, "Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law."

37. Defendant violated the aforementioned provisions of the Act by the conduct alleged in this Complaint, including by unjustly collecting and retaining substantial sums of money from its customers, including Plaintiff and the other members of the Class.

38. Pursuant to §1782(d) of the Act, plaintiff and the members of the Class seek an order enjoining the wrongful acts and practices of Defendant.

39. Pursuant to Cal. Civ. Code §1782(a), Plaintiff, by her counsel, sent a letter on May 8, 2008 to Defendant *via* certified mail. Plaintiff will amend this Complaint to seek damages upon the expiration of thirty (30) days from the date of such letter pursuant to Cal. Civ. Code §1782(d).

**COUNT 3**
**Common Law Unjust Enrichment**

40. Plaintiff repeats and realleges each of the above paragraphs, as though fully set forth herein.

41. Defendant has received a benefit from Plaintiff and the other members of the Class in the form of the excessive sales tax Plaintiff and the other members of the Class paid for products it purchased from Biometrics during the relevant time period.

42. Defendant received the above-described benefit to the detriment of Plaintiff and each of the other members of the Class.

43. Defendant continues to retain the above-described benefit to the detriment of Plaintiff and each of the other members of the Class.

44. Under the circumstances, it would be unjust for Defendant to retain the above-described benefit.

45. As a result of Defendant's unjust enrichment, Plaintiff and the other members of the Class sustained damages in an amount to be determined at trial and seek full disgorgement and restitution of Defendant's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

**COUNT 4**
**Declaratory Relief**

46. Plaintiff repeats and realleges each of the above paragraphs, as though fully set forth herein.

47. A live justiciable controversy exists between Plaintiff, the Class, and Biometics as described herein for which there is no adequate or expedient remedy at law or equity.

48. Plaintiff and the other members of the Class seek declaratory relief in the form of a judgment establishing that Biometics' practices as herein described are illegal and/or violative of applicable State law where the sales tax was improperly collected and each Class member was located. Plaintiff and the other members of the Class further request a declaration establishing the damages and remedies that are due to them under applicable law.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the other Class members, respectfully requests the following relief:

(a) that the Court determine that this action may be maintained as a class action, certify Plaintiff to serve as Class Representative, and approve Plaintiff's Counsel as Class Counsel;

(b) that Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection, deceptive trade practice, and other statutory claims asserted, as well as the common law claim of unjust enrichment;

(c) Plaintiff and each of the other Class members be awarded damages and, where applicable, treble, multiple, disgorgement, or other damages – with interest – according to the applicable law;

(d) Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;

(e) Defendant be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable law;

(f) Plaintiff and each of the other members of the Class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

(g) that Plaintiff and each of the other Class members be granted such other and further relief as the nature of the case may require or as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

DATED: May 8, 2008

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
FRANCIS M. GREGOREK
RACHELE R. RICKERT

Rachele R. Rickert
RACHELE R. RICKERT

750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
ADAM J. LEVITT
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Telephone: 312/984-0000
Facsimile: 312/984-0001

Plaintiff's Liaison Counsel

George Sintsirmas
Attorney at Law
6212 Coldstream
Highland Heights, Ohio 44143
Telephone: 440/446-1529
Facsimile: 440/446-1530

Counsel for Plaintiff

BIOMETRIC:16024.CPT

EXHIBIT A

BIOMETICS INTERNATIONAL, Mailing Copy -- DO Not Duplicate
1170 Avenida Acaso
CAMARILLO, CA 93012

This Invoice is in U.S.DOLLAR

| Bill: | Ship: |
|---|---|
| Sintsirmas, Eugenia M. | ELLIOTT, MARIANNE |
| C/O Sintsirmas Attorney @ law | |
| 6212 Coldstream Road | 1280 WORTON |
| HIGHLAND HEIGHTS Ohio 44143 | MAYFIELD HEIGHTS Ohio 44124 |
| USA | USA |
| (440) 446 1184 | (440) 446 1184 |

| ID | Vol Month | Ship Via | Ship Clerk | Ent Rel Pg | Date | Tim |
|---|---|---|---|---|---|---|
| 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 | Apr 4/01 | UPS Groun | | SLS SLS 1 | 4/10/01 | 102 |

| Quan Ship | Item Code | Item Description | Tx | Quan Ord | Item Volume | Total Volume | Item Price | Total Pric |
|---|---|---|---|---|---|---|---|---|
| 2 | CM1 | Unit Cal/Mag 100 | Y | 2 | 13.20 | 26.40 | 22.00 | 44.00 |
| 3 | NB1 | Nutritional Basics Prog. | Y | 3 | 37.20 | 111.60 | 62.00 | 186.0 |

5 Units

| | | | |
|---|---|---|---|
| Tot Volume | 138.00 | Sub Tot | 222.0 |
| Discnt 25.00% x | 138.00 | Amt | -57.5 |
| | | Discounted Sub Tot | 172.5 |
| Taxable | 241.50 @ 7.0000% | Tax | 16.9 |
| | | Amount | 189.4 |
| | (Taxed) | Shp/Hdl | 11.5 |
| | | Misc | 1.0 |
| U.S.DOLLAR | | Amt Due | 201.9 |

Ship this Order from Warehouse: 0 Main Invoice No: U 323292

P A Y M E N T S R E C E I V E D

| Pay Type | Check/Credit Card No | CC | Exp | Auth/Acct No | Receipt Am |
|---|---|---|---|---|---|
| Credit Card | XXXXXXXXXXX01692 | D | 10/01 | 65 | 201.92 |

| | |
|---|---|
| Total Cash Receipts | 201.92 |
| **Invoice Balance** | .00 |

Only 10 weeks until National Convention 2001 remain! Have you purchased your tickets and airfare yet? There's no time like the present. National Convention tickets are $149. until March 31. From April 1 until National Convention 2001 they will cost $199. Call the Order Department at (888)BIO-FUEL to order your National Convention tickets today!

Invoice/Packslip

Page........ 1
Packslip Nbr 530905
Order Nbr... 147724
Order Type. P
Invoice Nbr. 649901
Warehouse... 1
Employee.... Ceballos,
Volume...... 139.00

FROM
Biometics International, Inc.
1170 Avenida Acaso
Camarillo, CA 93012
Phone: 805-383-3535 Fax: 805-383-3540

SHIP TO
Eugenia M Sintsirmas
6212 Coldstream Road
George Sintsirmas E S Q
Highland Heights, OH 44143
Phone: 440-446-1184

SOLD TO
Eugenia M Sintsirmas
6212 Coldstream Road
george Sintsirmas E S Q
Highland Heights, OH 44143
Phone: 440-446-1184

Ship Via: UPS/GRND

Order Date: 26 JAN 05 Date: 26 JAN 05

Distributor: Sintsirmas, E(35159) Phone: 440-446-1184

| Stock... Number.. | Description............ | Quantity .Ord | Prev | Ship | Actl | Bin.. Loc.. | ..Price | ...Total |
|---|---|---|---|---|---|---|---|---|
| RENEW | Yearly Renewal Fee | 1 | 0 | 1 | ______ | | 20.00 | 20.00 |
| NB1 | Nutritional Basics Prog | 1 | 0 | 1 | ______ | | 66.00 | 66.00 |
| DHP1 | Daily Health Pack | 1 | 0 | 1 | ______ | | 107.00 | 107.00 |
| BA1 | Bio Alert | 1 | 0 | 1 | ______ | | 30.00 | 30.00 |
| GNP1 | Get Go N Plus | 1 | 0 | 1 | ______ | | 30.00 | 30.00 |

| | |
|---|---|
| Order Net.. | 253.00 |
| Shipping... | 11.65 |
| Tax Amount. | 19.57 |
| Special.... | 0.00 |
| Discount... | 58.25 |
| Order Total | 225.97 |
| Payments... | 225.97 |
| Credits/Adj | 0.00 |

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 150736 - MS**

**May 08, 2008**
**16:26:52**

**Civ Fil Non-Pris**
USAO #.: 08-CV-0841-JLS CIVIL FILING
Judge..: JANIS L. SAMMARTINO
Amount.: $350.00 CK
Check#.: BC0039147

**Total-> $350.00**

FROM: EUGINA SINTSIRMAS
VS. BIOMETRICS INTL, INC
CIVIL FILING

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 08 MAY -8 PM 4:26

## I. (a) PLAINTIFFS

EUGENIA SINTSIRMAS, on behalf of Herself and all others similarly situated,

(b) County of Residence of First Listed Plaintiff: Cuyahoga County, OH
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Wolf Haldenstein Adler Freeman & Herz LLP
750 B Street, Ste. 2770; San Diego, CA 92101
(619) 239-4599

## DEFENDANTS

Biometics International, Inc.

County of Residence of First Listed Defendant: Ventura County, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'08 CV 841 JLS RBB

DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☒ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. §1332, 28 U.S.C. §1332(6), 28 U.S.C. §1332(d)(2)(A)

Brief description of cause:
Consumer Fraud

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 05/08/2008

SIGNATURE OF ATTORNEY OF RECORD: x Rachele R. Rickert

**FOR OFFICE USE ONLY**

RECEIPT # 150736 AMOUNT $350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

MS 5/08/08